IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD GOMES, JR.,<br><br>         Plaintiff,<br><br>     vs.<br><br>BANK OF AMERICA, N.A.; BAC<br>HOME LOANS SERVICING, LP;<br>JOHN AND MARY DOES 1-10,<br><br>         Defendants.<br>_____ | Civ. No. 12-00311 SOM/BMK<br><br>ORDER DENYING MOTION TO<br>DISMISS NEGLIGENCE CLAIM IN<br>FIRST AMENDED COMPLAINT |

**ORDER DENYING MOTION TO DISMISS
NEGLIGENCE CLAIM IN FIRST AMENDED COMPLAINT**

This removed action arises out of an attempt by Plaintiff Leonard Gomes, Jr., to obtain a modification of a $654,500 loan. Gomes has alleged, among other things, that Defendants are liable for negligence in the handling of his loan modification application.

Defendants seek dismissal of Gomes's negligence claim, arguing that Gomes has insufficiently pled damages relating to the alleged negligence. This court, determining that damages are sufficiently pled, denies the motion.

**I.      BACKGROUND.**

Gomes's loan originated with National Bank of Kansas City. This loan was apparently assigned to Countrywide Home Loan, Inc. Defendant Bank of America, N.A., is Countrywide's successor in interest. See Notice of Removal, June 1, 2012, ECF No. 1-2. Gomes alleges that his loan was serviced by Countrywide

Home Loans Servicing LP, which has become Defendant BAC Home Loans Servicing, LP.  Id.  The original Complaint asserted causes of action for negligence and unfair and deceptive acts in violation of section 480-2 of Hawaii Revised Statutes.  Id.

As detailed in Judge David Alan Ezra's order of July 25, 2012, Gomes attempted numerous times to obtain a loan modification, only to be told that his loan needed to be in default before it could be modified.[1]  Gomes says that, in August 2009, he decided to stop paying his mortgage so that he would qualify for a loan modification.  He continued to seek a loan modification, allegedly receiving repeated requests from the lender that he resubmit application materials.  Gomes says that eventually, on January 20, 2010, he was told by a BAC Servicing employee named James that he would be approved for a Home Affordable Modification Program ("HAMP") loan modification once Gomes submitted documents supporting the financial information Gomes had given to James.  See Order: (1) Granting in Part and Denying in Part Defendant's Motion to Dismiss and (2) Granting Plaintiff Leave to Amend, ECF No. 14.

It appears that, on July 31, 2010, Gomes's loan was assigned to nonparty Deutsche Bank National Trust Company, as

---

[1]This case was reassigned to this judge when Judge Ezra took senior status.  See ECF No. 17.

Trustee of BCAP LLC Trust 2007-AA4.  See First Amended Complaint ¶ 6.

In adjudicating an earlier motion to dismiss, ECF No. 4, Judge Ezra ruled that Plaintiffs had sufficiently alleged a section 480-2 claim.  With respect to the negligence claim, Judge Ezra noted that lenders and loan servicers generally owe borrowers no duty of care giving rise to any negligence claim.  However, Judge Ezra ruled that, because Gomes alleged that a BAC Servicing employee named James had told Gomes that Gomes would be approved for a loan modification, Gomes had to be seen as claiming that BAC Servicing had exceeded its role as a conventional loan servicer.  Judge Ezra ruled that Gomes had alleged sufficient facts to support a claim that BAC Servicing owed a duty to Gomes to process his loan modification application and breached this duty by not actually doing so.  Judge Ezra nevertheless dismissed the negligence claim asserted in the Complaint, concluding that allegations of damage caused by the breach were insufficient.  Judge Ezra reasoned that the damages alleged in the Complaint flowed from Gomes's earlier failure to pay his mortgage, rather than from BAC Servicing's alleged statement to Gomes on January 20, 2010, that his loan modification request would be approved when Gomes submitted certain financial documents.  Judge Ezra gave Gomes leave to file an amended complaint.  See ECF No. 14.

On August 8, 2012, Gomes filed a First Amended Complaint. This document added factual allegations concerning Gomes's alleged damages. In the original Complaint, Gomes had merely alleged that his credit score had been damaged and that he might have sold his property but for being told he qualified for a HAMP loan modification. See Complaint ¶¶ 95 and 97, ECF No. 1-2. In the First Amended Complaint, Gomes additionally alleges that, because of the bad marks on his credit report, Gomes had to provide a $20,000 security deposit and $100,000 mortgage on behalf of his construction company. See First Amended Complaint ¶ 103. He says he also paid a higher interest rate on a loan he obtained for a truck purchase as a result of his allegedly damaged credit score. Id. ¶ 104.

On August 21, 2012, Defendants filed the present motion to dismiss. See ECF No. 22. Defendants contend that Gomes has still failed to allege facts concerning damages caused by the alleged breached of duty. Because Gomes has sufficiently alleged damages caused by the alleged breach of duty, the motion to dismiss the negligence claim is denied.

**II.      STANDARD.**

Judge Ezra set forth the applicable standard in his order of July 25, 2012. That standard is incorporated herein by reference.

**III.     ANALYSIS.**

The factual background for this case was set forth in Judge Ezra's order of July 25, 2012. For the most part, the allegations in the First Amended Complaint track the earlier Complaint. The only relevant new allegations concern damages. In the First Amended Complaint, Gomes alleges that, because of the bad marks on his credit report, he had to provide a $20,000 security deposit and $100,000 mortgage on behalf of his construction company. See First Amended Complaint ¶ 103. He also alleges that he had to pay a higher interest rate on a loan he obtained for a truck purchase as a result of his allegedly damaged credit score. Id. ¶ 104. Accepting these allegations as true and reading them liberally, the court views Gomes as alleging that he suffered damages flowing at least in part from the purported representation on January 20, 2010, that he would qualify for a HAMP loan modification.

Defendants' motion does not seek reconsideration of Judge Ezra's ruling that Gomes alleges a duty and breach of duty. It instead limits its argument to the causation and damage prongs of a negligence claim. Defendants argue that Gomes's new allegations concerning damages flow entirely from Gomes's default, rather than from the statement of January 20, 2010. Defendants argue that, but for Gomes's failure to pay, there would be no black mark on Gomes's credit report. Defendants also

argue that Gomes would have suffered the damages anyway, as his credit report, which he attaches to the First Amended Complaint, indicates that Gomes had other delinquent accounts.  These arguments go to the likelihood that damages flowed from the statement of January 20, 2010, or to the extent of such damages, but do not establish as a matter of law that Gomes sustained no damages from the statement.  Even if the damages originally flowed from Gomes's default, they may have been aggravated or extended by the alleged statement.  The First Amended Complaint sufficiently alleges damages caused by BAC Servicing's negligence.  See Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  That is, the First Amended Complaint can be read as alleging that Gomes suffered damage to his credit score as a result of the representation of January 2010, and that the credit score led to financial harm.  The motion to dismiss, which contends that the alleged damage to Gomes's credit score necessarily flowed from the intentional default of August 2009, is therefore denied.

**IV.     CONCLUSION.**

For the foregoing reasons, Defendants' motion to dismiss the negligence count is denied.

IT IS SO ORDERED.

DATED: Honolulu, October 24, 2012.



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Leonard Gomes, Jr. v. Bank of America, et al., Civ No. 12-00311 SOM/BMK; ORDER DENYING MOTION TO DISMISS NEGLIGENCE CLAIM IN FIRST AMENDED COMPLAINT